```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUDSON FURNITURE, INC., and
BARLAS BAYLAR,

                Plaintiffs,

v.                                                                    Case No. 1:20-cv-04891-PAC-RWL

ALAN MIZRAHI d/b/a ALAN MIZRAHI LIGHTING,
and LIGHTING DESIGN WHOLESALERS INC.,

                Defendants.

---

## ~~[PROPOSED]~~ PROTECTIVE ORDER

The parties, by their counsel, hereby stipulate and agree that in connection with this litigation, if there is an occasion to disclose information deemed by any party to constitute confidential or proprietary information, the following procedures shall be employed and the following restrictions shall govern:

    1.    For purposes of this Order, confidential information shall mean information within the knowledge or possession of any party that the party asserting the confidentiality thereof reasonably believes to be protectable as confidential information or as trade secret.

    2.    Any testimony, information, documents or things, including without limitation, interrogatories, answers to interrogatories, depositions and answers to admissions, which any party believes, in good faith, is confidential or proprietary (hereinafter "Protectable Information") and should be accorded confidential treatment in order to protect the interests of the party, shall be marked or otherwise designated as "CONFIDENTIAL."  Provided, however

that the parties shall not mark as "CONFIDENTIAL" any document whose confidentiality is not reasonably necessary for bona fide business or privacy reasons. All Protectable Information to be filed with the Court which contains, reproduces, incorporates or paraphrases anything marked or designated "CONFIDENTIAL" shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this proceeding, indication of the nature of the contents of such envelope or container, the words "CONFIDENTIAL" and a statement to the effect that "This envelope contains confidential and proprietary information and is neither to be opened nor the contents thereof displayed or revealed to anyone except pursuant to an order of the Court or by consent of the parties."

   3.  If the producing party designates discovery material as "CONFIDENTIAL" after copies thereof have been delivered to the receiving party, the delivered copies thereafter shall be treated in accordance with such designation.

   4.  Information disclosed at a deposition may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the testimony is confidential subject to the provision of this order and, within ten (10) days of receipt of the transcript, the designating party shall indentify the specific pages and lines of the transcript, or the specific exhibits, which are confidential. A party may also designate information disclosed at such a deposition as confidential by notifying all parties in writing within ten (10) days of receipt of the transcript of the specific pages and lines of the transcript, or the specific exhibits which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. The entire content of any deposition transcript shall be treated as "CONFIDENTIAL" for a period of 10 days after a full and complete transcript of said deposition is available.

5. Documents, depositions or information designated as "CONFIDENTIAL" shall be disclosed only to:

(a) outside counsel for the parties, the paralegals and support staff of counsel who are employed in the preparation and trial of this action;

(b) Barlas Baylar, Plaintiff and principal of Plaintiff Hudson Furniture, Inc.

(c) Alan Mizrahi, Defendant and principal of Defendant Lighting Design Wholesalers Inc.

(d) Those employees of the parties, provided that, in good faith, their assistance is required in connection with the litigation.

(e) Consultants or experts retained for the purposes of this litigation or necessary for the work being performed by such consultant or expert and so long as the expert or consultant is not an employee of Plaintiff or Defendant;

(f) If reasonably necessary for the prosecution or defense of this litigation, upon agreement of the parties, such agreement not to be unreasonably withheld, any person from whom testimony is taken or is to be taken in these actions, except that such person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

(g) The Court or the jury at trial or as exhibits to motions.

6. The confidential information may be revealed to and discussed with the persons identified in paragraphs 5(d), (e) and (f) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached hereto as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

7. For the purposes of paragraph 5(g), the confidential information shall not be filed with the Court absent: (i) consent from the party designating the materials as confidential; or (ii) compliance with the Court's Rules for Redactions and Filing Under Seal, which are incorporated herein by reference.

8. If a party producing CONFIDENTIAL discovery responses considers that its nature is such that it shall be available only to opposing counsel of record and independent experts and not to the opposing party itself pursuant to paragraph 5(b), (c) and (d) such information shall in addition to the markings described above, be marked "ATTORNEY'S EYES ONLY." "ATTORNEY'S EYES ONLY" documents shall include: (i) trade secrets or other confidential research, development or commercially sensitive information; (ii) confidential research and development documents such as test data, source code, prototypes, engineering drawings or marketing studies; (iii) internal financial documents demonstrating costs, profits and expenses; (iv) non-public documents showing current customers who have purchased goods or services or expressed an intent to purchase goods or services; (v) non-public documents showing vendors from whom goods or services were purchased; (vi) non-public financial statements; (vii) nonpublic tax returns; (viii) marketing strategy documents; and (ix) any other category of documents that may be stipulated to by all parties in writing. Absent

written approval from the producing party, counsel and any other person receiving such material shall not transfer the same to the client or the client's officers and employees nor redisclose the same or the substance thereof to the client or its officers and employees, nor use such information for any purpose other than strictly for this action, nor for any business purpose, but may otherwise handle the same in accordance with the other provisions of this Order.

9. If at any time a party objects to a designation of Protectable Information as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY," the objecting party shall notify the designating party in writing.  The notice shall identify the material or information in question and set forth in reasonable details why the discovery material is not entitled to "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" treatment; provided, however, that it remains at all times the burden of the designating party to demonstrate that the information is entitled to confidential or attorney's eyes only treatment.  If the matter cannot be resolved after good faith negotiations, the objecting party may apply to the Court for a ruling as to the confidential nature of the discovery material.  The discovery material or information shall be treated as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" until the Court rules on the application.

10. All material and information produced by the parties during the course of this litigation which is designated "CONFIDENTIAL" by the producing party shall be used only by authorized persons as defined in this document and only for the purpose of prosecuting or defending in this proceeding and not for any business or other purpose whatsoever.

11. Nothing herein shall preclude a party from using or disclosing any confidential documents produced by that party for any purpose.

12. The provisions of this Protective Order insofar as they restrict the communication and use of discovery material and information designated as "CONFIDENTIAL" shall continue to be binding after the conclusion of this action, unless otherwise permitted by written agreement of the producing party or further order of the Court.

13. The parties have agreed to the entry of this order to facilitate and expedite discovery; nothing contained herein shall prevent any party from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

14. Nothing contained herein, constitutes or should be construed as a waiver by any party of the attorney-client privilege or work-product doctrine.

15. Upon final termination of this action, each party shall be under an obligation to either destroy and confirm such destruction in writing or assemble and return to the other all Protectable Information designated "CONFIDENTIAL," including all copies of such documentary material which may have been made and to provide the other party with a copy of all Exhibit A confidentiality affirmation pages; provided, however, that counsel of record may keep an itemized list of such documents and things for reference in the event of disputes over the use or dissemination thereof.  Receipt of returned information designated as "CONFIDENTIAL" and approval of any itemized list shall be acknowledged in writing.

The parties hereto hereby consented and agreed to the entry of the foregoing order.

IT IS SO ORDERED on this __22__ day of _____January_____, 2021.

1/22/2021

_____
Robert W. Lehrburger
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUDSON FURNITURE, INC., and
BARLAS BAYLAR,

                              Plaintiffs,

v.                                               Case No. 1:20-cv-04891-PAC-RWL

ALAN MIZRAHI d/b/a ALAN MIZRAHI LIGHTING,
and LIGHTING DESIGN WHOLESALERS INC.,

                              Defendants.

---

### EXHIBIT A - CONFIDENTIALITY AGREEMENT

The undersigned, having been requested to assist in connection with Civil Action No. 1:20-cv-04891-PAC-RWL, pending in the United States District Court for the Southern District of New York, hereby agrees as follows:

1.     I have read the Protective Order entered by the Court and agree to abide by its terms.

2.     I agree that any discovery material or information designated as "CONFIDENTIAL" which I see, hear, or learn about in connection with this lawsuit, including documents and deposition transcripts may be used solely for the purpose of this lawsuit and not for any other purpose. I agree not to disclose to any person any such discovery material or information designated as "CONFIDENTIAL" except as specifically authorized by the Protective Order.

3. When this litigation is terminated, I agree to return to the party and lawyers whom I am assisting any discovery material and information designated as "CONFIDENTIAL" and to retain no copies of such materials.

Dated this ___ day of _____, 2021.

_____
Signature

_____
Name

_____
Company

_____
Address