UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                     :

HUDSON FURTNITURE, INC. and BARLAS   :
BAYLAR,                                  :

                           :         20-CV-4891  (JAV) (RWL)
                    Plaintiffs,   :

                           :        <u>OPINION AND ORDER</u>

       -v-                    :

                           :
ALAN MIZRAHI d/b/a ALAN MIZRAHI    :
LIGHTING, and LIGHTING DESIGN       :
WHOLESALERS, INC,               :

                           :
                  Defendants.   :
---------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Before the Court is a copyright and trademark infringement action initially

assigned to the Honorable Paul A. Crotty, United States District Judge.  Judge

Crotty granted in part Plaintiffs' motion for partial summary judgment and

sanctions.  *See* ECF No. 160.  This action was then referred to Magistrate Judge

Robert W. Lehrburger for an inquest on damages.  *Id.*  On February 7, 2024,

Magistrate Judge Lehrburger issued a detailed and thorough 40-page Report and

Recommendation.  ECF No. 171 ("R&R" or "Report and Recommendation").  On

February 21, 2024,  Defendants submitted their objections to the Report and

Recommendation.  ECF No. 173 ("Obj.").  For the reasons that follow, the Court

overrules the Objections and ADOPTS the well-reasoned Report and

Recommendation in its entirety.

## BACKGROUND

Plaintiffs Hudson Furniture, Inc. ("Hudson") and Hudson's Chief Executive Officer and Creative Director, Barlas Baylar ("Baylar") (collectively, "Plaintiffs"), filed this action in June 2020 to recover damages and enjoin Defendants Alan Mizrahi and Lighting Design Wholesalers, Inc. (collectively, "Defendants") from infringing Plaintiffs' copyrights, trademarks, and other intellectual property, violating Baylar's right of publicity, and transgressing other related state law—all in connection with Defendants' offering and sale of "knock-off" chandelier lighting. ECF No. 1.

On September 25, 2023, Judge Crotty issued an Opinion and Order granting in part Plaintiffs' partial motion for summary judgment and sanctions.  ECF No. 160 (the "Opinion").  In the Opinion, the Court found that Defendants were liable for willful infringement of Plaintiffs' copyrighted works, but denied summary judgment on damages that related to Plaintiffs' 2019 catalog.  Opinion at 2.  The District Court also found Defendants liable for federal trademark infringement, false designation of origin, and unfair competition in violation of Section 43 of the Lanham Act; common law trademark infringement, unfair competition, and misappropriation; use of name with intent to deceive in violation of New York General Business Law Section 133; injury to business reputation and dilution in violation of New York General Business Law Section 360; copyright infringement in violation of 17 U.S.C. § 504;  and unauthorized use of name and image for

advertising and trade purposes in violation of New York Civil Rights Law Sections 50 and 51.  Opinion at 42-43.

On the issue of damages, Judge Crotty found that Plaintiffs had established an entitlement to statutory damages on their claim of copyright infringement. Opinion at 35-40.  Specifically, Judge Crotty held that Plaintiffs had met their burden of proving that the infringement of their copyrights was willful, *id.* at 35-37, and that Plaintiffs had demonstrated that three of their four copyrights were timely registered, *id.* at 37-39.  Judge Crotty further determined that an award of the maximum penalty of $150,000 for each of the three violations was warranted, both because "the Defendants have deliberately and repeatedly flouted their discovery obligations, making it impossible for Plaintiffs to accurately represent their damages," and because "Defendants have demonstrated that a harsh penalty is needed to deter future infringement."  *Id.* at 40.

Judge Crotty also determined that an award of exemplary damages was warranted under section 51 of New York Civil Rights Law, for Defendants' use of Baylar's name and likeness on their website.  *Id.* at 41.  The District Court left the amount of such an award to be determined upon inquest.  *Id.*

Finally, Judge Crotty held that an award of attorney's fees was warranted with respect to the Copyright Act and Lanham Act claims.  *Id.* at 41-42.  The Court found that Defendants had "'willfully infringed Plaintiffs' intellectual property rights, and an award of attorneys' fees furthers the goals of the Lanham Act and Copyright Act, including deterrence of willful infringement.'"  *Id.* at 42 (quoting

*Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 427 (S.D.N.Y. 2018)). An award of attorney's fees was also appropriate in light of the "unreasonable manner" in which Defendants had litigated the case, including "by flouting their discovery obligations and this Court's orders." *Id.*

On November 2, 2023, Judge Crotty referred the case to Magistrate Judge Lehrburger for an inquest on damages for Plaintiffs' federal copyright, trademark, and state law claims, including the appropriate amount of attorney's fees and costs and pre-judgment and post-judgment interest. Opinion at 42-43; ECF No. 165. Defendants filed two memoranda of law opposing Plaintiffs' requests for statutory damages and legal fees. *See* ECF No. 168 ("First Def. Mem."); ECF No. 169 ("Second Def. Mem.").

On February 7, 2024, Magistrate Judge Lehrburger recommended that the Court award Plaintiffs compensatory, statutory, and punitive damages, in addition to attorneys' fees, costs, and post-judgment interest. R&R at 39.

In the R&R, Magistrate Judge Lehrburger first recommended that the Court award Plaintiff Hudson $15,101.10 in compensatory damages under the Lanham Act for Defendants' trademark infringement. *Id.* at 15. The total recommended amount is treble the $5,033.73 Defendants earned from a trademark-infringing sale of a chandelier that had been the basis for Judge Crotty's liability ruling. R&R at 13-14. The Magistrate Judge recommended that the sale amount should be trebled "[m]ost significantly" because "the Court has found that Defendants acted in bad faith in infringing Hudson's trademarks, and Defendants' obstreperous discovery

tactics have made 'it impossible for Plaintiffs to accurately represent their damages.'" *Id.* at 14 (citations omitted).  Moreover, Magistrate Judge Lehrburger noted that Defendants never addressed the amount of compensatory damages under the Lanham Act in their opposition papers.  *Id.* at 15.

Second, Magistrate Judge Lehrburger recommended that Plaintiffs be awarded the full amount of their attorney's fees, a total of $244,870, for their work in prosecuting the case, "including with respect to enforcing their rights to discovery and Defendants' compliance with the Preliminary Injunction, as well as the remainder of the case." *Id.* at 19.  The Magistrate Judge started by using the "lodestar" calculation, which accounts for the number of hours worked by attorneys multiplied by a reasonable hourly rate.  *Id.* at 19.  Magistrate Judge Lehrburger determined that the hourly rates of Plaintiffs' lawyers at Hodgson Russ LLP aligned with "the prevailing market rate for lawyers in the district in which the ruling court sits," *id.* at 20, and were "extremely reasonable for the New York City market for attorneys, whether partner or associate, who work on intellectual property litigation matters like the instant case," *id.* at 22.  The Magistrate Judge also found that the 695.7 hours spent by Plaintiffs' attorneys and other relevant timekeepers was reasonable considering the amount and various types of work performed.  *Id.* at 23.  He observed that "[t]he hours spent, broken down by each individual [lawyer] and supported by contemporaneous documentation, were all reasonably necessary for the litigation of Plaintiffs' claims and response to Defendants' dilatory tactics." *Id.* at 24.

The Magistrate Judge rejected Defendants' contentions that Plaintiffs had engaged in substantial overbilling and duplicative billing. *Id.* at 24-25. Furthermore, while noting that "[b]lock-billing generally is a disfavored practice," *id.* at 25, Magistrate Judge Lehrburger found Plaintiffs' counsel had submitted time entries that were "sufficiently detailed for the Court to readily conclude that the tasks performed, the time spent, and the fees charged all are reasonable," *id.* at 26. Finally, he found no reason to deduct the $2,500 of fees associated with Plaintiffs' investigation of potential patent infringement claims. *Id.* at 26-27. He determined that "it was perfectly reasonable for [Plaintiffs] to investigate and analyze whether colorable patent claims could be asserted." *Id.* at 27.

Third, Magistrate Judge Lehrburger recommended that the Court award exemplary damages in the amount of $50,000 for Defendants' violation of Plaintiff Baylar's right of publicity under Section 51 of the New York Civil Rights Law. *Id.* at 18. He based his recommendation on Defendants' knowing use of Baylar's photograph and name for commercial purposes without authorization so as to willfully market and sell infringing chandelier designs. *Id.* at 16. The Magistrate Judge also accounted for "Defendants' blatant and willful violation of discovery obligations and orders, which deprived Plaintiffs of meaningful discovery of the extent of Defendants' sales and corresponding compensatory damages." *Id.* He noted that Defendants' conduct here was "particularly egregious." *Id.* at 17. Moreover, Magistrate Judge Lehrburger determined that the amount of punitive damages aligned with comparable cases, and Defendants had not indicated with

any evidence or arguments that they lacked the ability to pay the amount. *Id.* at 17-18. He concluded that the "amount will adequately serve the purposes of punitive damages, particularly when considered in the context of the other substantial financial awards to be imposed on Defendants, including statutory damages and attorney's fees." *Id.* at 18. The Magistrate Judge recommended against awarding any additional amount in punitive damages, however, to avoid an "unwarranted windfall" to Baylar. *Id.*

Magistrate Judge Lehrburger recommended pre-judgment interest be awarded to Hudson on its statutory copyright damages. *Id.* at 31. He found that the circumstances of this case warranted pre-judgment interest on the tripled compensatory damages award for trademark infringement "because the [damages] award reflects only one sale even though it is highly likely based on the evidence that there were additional sales for which Defendants failed to produce records." *Id.* at 29. He further recommended that pre-judgment interest be awarded on the statutory damages award for copyright infringement because Defendants' conduct had demonstrated the need for a "harsh penalty" to deter further infringement. *Id.* at 30. Defendants' contravention of the Preliminary Injunction in this case and their similar acts of copyright infringement in the past showed that they were not deterred by previous judgments awarding statutory damages. *Id.* Magistrate Judge Lehrburger therefore found that the award of pre-judgment interest would properly serve as a penalty that deterred future misconduct. *Id.*

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citations omitted). After a party submits a timely objection, the district court reviews *de novo* the portions of the R&R to which the party objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For the portions of the R&R to which no objection is made, the district court need only review for clear error. *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020).

"The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citation and quotation marks omitted). In following that purpose, it is therefore "established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citations and quotation marks omitted).

## DISCUSSION

Defendants have raised objections to Magistrate Judge Lehrburger's
recommendations regarding the following: (1) compensatory damages for trademark
infringement; (2) statutory damages for copyright infringement; (3) the amount of
legal fees; (4) sanctions for violation of New York Civil Rights Law; and (5) the
award of pre-judgment interest. Yet many of these objections to the R&R center
upon the Defendants' vehement disagreement with the District Court's factual
findings and legal conclusions in its summary judgment decision. The time to
submit a motion for reconsideration of that decision has long expired, and
Defendants cannot use their objections to the R&R as a means to challenge that
decision.

Upon conducting a *de novo* review of the portions of the R&R to which
Defendants have properly objected, the Court overrules such objections. Any of
Defendants' objections not specifically addressed in this decision have been
considered *de novo* and subsequently rejected. As to the portions of the R&R to
which no proper objections were made, including but not limited the portions of the
R&R recommending that the Court enter a permanent injunction, R&R at 31-39,
the Court has reviewed those sections and determined that they are not clearly
erroneous. The Court therefore adopts the R&R in its entirety.

## A.    Improper Attempts to Relitigate Summary Judgment Motion

As an initial matter, a number of Defendants' objections take issue, not with
the recommendations set forth in the R&R, but with rulings made by Judge Crotty

9

in his summary judgment decision. For example, Defendants challenge the District Court's decision to award statutory damages in the amount of $450,000 for copyright infringement. Obj. at 3-7.[1] Defendants contend that "the District Court's reasoning was clearly based on punitive grounds and not compensatory grounds," *id.* at 3-4, that the District Court erred in finding that Defendants refused to cooperate in discovery, *id.* at 4-5 ("The District Court did no analysis of this issue and instead merely took Plaintiffs at their word."), and that the District Court improperly penalized them twice by citing discovery issues as the basis for both enhanced statutory damages and an award of legal fees, *id.* at 6-7.

Defendants also object to Magistrate Judge Lehrburger's recommendation of an award of $15,101.10 in compensatory damages for Defendants' trademark infringement, on the grounds that there was insufficient evidence of such trademark infringement. Obj. at 2-3. In doing so, however, Defendants essentially challenge the rulings made by Judge Crotty, as the District Court rejected the very arguments now advanced by Defendants when he determined that Defendants were liable for trademark infringement. Opinion at 12-13, 17-19.

---

[1] Defendants suggest that the amount of the statutory damages awarded for copyright infringement was somehow before the Magistrate Judge, stating that "Judge Lehrburger upheld the District Court's reasoning for awarding statutory damages for copyright infringement." Obj. at 3. But the Magistrate Judge did not purport to review and uphold the amount of statutory damages that should be awarded under the Copyright Act, nor would he have the authority to revisit holdings made by the District Court on this issue. Magistrate Judge Lehrburger merely observed that the $450,000 in statutory damages previously awarded by the District Court was larger than the amount of statutory damages available for violation of the Lanham Act. R&R at 13 ("the statutory damages already awarded under the Copyright Act necessarily are the greater amount").

Objections to the R&R are not an appropriate vehicle in which to raise disagreements with the District Court's decision on the summary judgment motion. *See Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822 (HB), 2010 WL 3629587, at *3 (S.D.N.Y. Sept. 16, 2010) (declining, under law of the case doctrine, to revisit holdings made in the summary judgment motion when made in objections to a magistrate judge's report and recommendation on damages). Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (cleaned up). The doctrine is "driven by considerations of fairness to the parties, judicial economy, and the societal interest in finality." *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009). Defendants do not identify any new evidence or any intervening change of law that would justify revisiting Judge Crotty's thorough and well-reasoned summary judgment decision. Accordingly, the Court overrules those objections that are based upon challenges to rulings made by Judge Crotty in connection with the summary judgment motion.

Additionally, Defendants did not raise any of these arguments regarding statutory damages under the Copyright Act or the amount of compensatory damages for trademark infringement before the Magistrate Judge. By only first raising this issue in their Objection, Defendants have forfeited this argument. *See Gladden*, 394 F. Supp. 3d at 480.

**B.    Legal Fees**

In challenging the R&R's recommended attorney fees award, Defendants again improperly take issue with the Court's rulings on summary judgment. For example, Defendants argue that their "conduct in this case did not rise to the level of substantial litigation misconduct" as required for an award of fees under the Lanham Act. Obj. at 9 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), and *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519 (2d Cir. 2018)). Yet this threshold issue was expressly resolved by Judge Crotty, who determined that the standard for an award of attorney's fees under the Copyright Act and the Lanham Act had been met. Opinion at 41-42. The issue before the Magistrate Judge was the amount of such reasonable attorneys' fees, not Plaintiffs' entitlement to fees.

Defendants acknowledge that the decision to award in full attorney's fees was "based in a large part on a theory of sanctions for discovery issues." Obj. at 8. In recommending the full amount sought by Plaintiffs, Magistrate Judge Lehrburger correctly applied the District Court's determination that Defendants made "willful violations of Plaintiffs' rights" and litigated this case in an "unreasonable manner" by "'flouting their discovery obligations and this Court's orders.'" R&R at 19 (citing Opinion at 42). The decision to award legal fees is appropriate in light of Defendants' delinquent actions during litigation.

Defendants next suggest that Judge Crotty only awarded fees with respect to the Lanham Act claims and not the Copyright Act claims, and that the Magistrate

Judge therefore erred by failing to apportion legal fees. Obj. at 10. This argument is frivolous. The award of legal fees does not need to be apportioned between Plaintiffs' Lanham Act claims and non-Lanham Act claims as the District Court did not award legal fees based on Plaintiffs' prosecution of their Lanham Act claims alone. The Opinion awards attorneys' fees for both sets of claims. The Opinion expressly cited 17 U.S.C. § 505, the provision in the Copyright Act permitting the award of attorney's fees to the prevailing party. Opinion at 41. And the Court then found that "an award of attorneys' fees furthers the goals of the Lanham Act and the Copyright Act." *Id.* at 42 (quoting *Spin Master Ltd.*, 325 F. Supp. 3d at 427).

Defendants object to the R&R's conclusion that there was no excessive billing, overbilling, or duplicate billing present, and contend that the Court should have sought more information so as to properly apply the lodestar formula to determine reasonable billing. Obj. at 12-13. Reviewing these objections *de novo*, *see Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022), the Court finds that here, too, Defendants' objections are unavailing.

As Magistrate Judge Lehrburger found, Defendants' complaints about opposing counsel's "substantial overbilling" are "conclusory and untethered to any specific entries." R&R at 24. Neither before this Court or before the Magistrate Judge have Defendants pointed to specific time entries and argued that particular work performed was not compensable.

Instead, Defendants argue that the total amount of fees for various categories of work is excessive. For example, without reference to any specific entry,

Defendants contend that it was unreasonable for Plaintiffs to incur $59,000 in fees for work that was performed before they appeared in the case. Obj. at 11. As an initial matter, an examination of the time records submitted by Plaintiffs' counsel indicates that the fees for this period of time were substantially lower than represented by Defendants. Defendants appeared in this case on July 21, 2020. ECF No. 29. In May 2020, the first month for which Plaintiffs submitted billing records, counsel sought fees in the amount of $2,746.50. ECF No. 162-2. For the month of June 2020, counsel's billing records indicate charges of $31,292.50. *Id.* And in July 2020, the bill for the entire month was $8,614. *Id.* The total amount for these three months was $42,653.

An examination of the time records also reveals that the work performed during this period of time was reasonable. The Declaration of Patrick J. Hines, submitted in support of Plaintiffs' application for attorneys' fees, establishes that 164 hours was spent in the initial stage of the case. ECF No. 162-1, ¶ 35. During this three-month period, Plaintiffs investigated the claims, prepared a 42-page complaint, drafted and finalized a preliminary injunction motion and accompanying declarations, drafted and finalized a motion for alternative service, and responded to Defendants' motion to dismiss the complaint. *Id.* "Defendants do not explain in any manner why the hours spent by Plaintiff's attorneys were excessive." *Wise v. Kelly*, 620 F. Supp. 2d 435, 455 (S.D.N.Y. 2008) (approving 125.5 hours spent drafting complaint, order to show cause and preliminary injunction motion). To the

contrary, 164 hours for performing such tasks is well within the range of reasonableness.

Defendants also take issue with the fees awarded in connection with the deposition of Defendant Mizrahi, and specifically point to the fact that two attorneys billed for their attendance at this deposition. Obj. at 11. Plaintiffs' attorneys appropriately billed for the same work on a critical deposition, that of the named defendant, due to their "principal roles" in prosecuting the case. R&R at 25. "[P]revailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).

Defendants next contend that the legal fee award "shocks the conscience" because it was disproportionate to the award of compensatory damages. Obj. at 11. The "shocks the conscience" standard typically applies to a district court's discretion to alter a damages award determined by a jury. *See, e.g.*, *Patterson v. Balsamico*, 440 F.3d 104, 119-20 (2d Cir. 2006); *Lee v. Edwards*, 101 F.3d 805, 809 (2d Cir. 1996). Defendants have pointed to no precedent which applies this test in measuring the reasonableness of attorney's fees awarded by a court under the lodestar method. To the contrary, the Second Circuit has rejected the notion that an attorney's fee award can be reduced because it is disproportionate to the amount in controversy. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). In the instant case, the award of the full amount of Plaintiffs' attorney's fees is

commensurate with their degree of success in this litigation: they prevailed on almost all of their claims, obtained preliminary and permanent injunctive relief, and largely secured the full amount of monetary relief they sought. *See, e.g.*, *Watrous v. Borner*, 995 F. Supp. 2d 84, 89 (D. Conn. 2014) (awarding attorney's fees where plaintiffs prevailed in obtaining injunctive relief).

Citing *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, No. 15 Civ. 10154 (PAE) (SDA), 2023 WL 3815276 (S.D.N.Y. June 5, 2023), Defendants further contend that the fee award should be reduced because the large award of statutory damages was sufficient to deter future misconduct. Obj. at 11. In *Katri*, however, the Court determined that a discount to the attorney's fee award was merited not only because the treble damages awarded by the Court served the same deterrence goal as the award of legal fees, but also because plaintiffs "stand to receive an award that will more than compensate them for the combined total of compensatory damages and their legal fees, even before payment of a fee award." *Katri*, 2023 WL 3815276, at *13. In this case, in contrast, Judge Crotty awarded maximum statutory damages because Defendants' flouting of their discovery obligations made "it impossible for Plaintiffs to accurately represent" their lost profits. Opinion at 40. Thus, both compensatory and deterrence goals are served by awarding Plaintiffs the full amount of their legal fees.

Defendants maintain that the Magistrate Judge should have held a hearing with respect to the amount of attorney's fees, and that no notice was provided that the inquest would be conducted on the papers. Obj. at 11-12. Defendants argue

that, as a result, they "were not able to raise all of their objections to the fees" due to the lack of a hearing. *Id.* Defendants seemingly misconstrued the District Court's order for "an inquest on damages," Opinion at 42, which is *not* the same as a mandate to hold a hearing. Courts have much discretion to decide whether to conduct an evidentiary hearing on the matter of damages or to decide the issue on the papers. *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993); *see also Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (no hearing needed where court had "relied upon detailed affidavits and documentary evidence" to determine damages). Defendants did not request a hearing, so the Magistrate Judge permissibly assessed damages based on the parties' written submissions.

Defendants were afforded every opportunity to argue in opposition to the attorney's fee award advocated for by Plaintiffs, and in fact submitted a memorandum of law dedicated to the issue of attorney's fees. *See* ECF No. 168. Any failure to provide the requisite analysis of billing records or seek an extension of time from the Court to conduct such an analysis is entirely the Defendants' responsibility. And despite their protest that at such a hearing they could have provided a "detailed examination of the records" to show unreasonable billing, Obj. at 13, even now Defendants have not provided this Court with any such analysis.

Accordingly, the Court finds that Magistrate Judge Lehrburger's recommended award of legal fees is appropriate for the same reasons set forth in the R&R.

**C.    Sanctions for Violation of New York Civil Rights Law**

Defendants object to Magistrate Judge Lehrburger's recommended award of $50,000 in punitive damages for Defendants' violation of Baylar's right of publicity on grounds that it is "excessive and shocks the conscience." Obj. at 14.[2]  The District Court granted Plaintiffs' motion for summary judgment on their New York Civil Rights claim, Opinion at 23-24, and held that Baylar was entitled to punitive damages for the violation of his right to publicity, *id.* at 41.  Plaintiffs, in their Proposed Findings of Fact and Conclusions of Law, proposed an award of $50,000 in punitive damages.  ECF No. 162 at 19-20.  In their opposition papers, ECF Nos. 168, 169, 170, Defendants did not address the issue of the proper amount of punitive damages, let alone challenge Plaintiffs' proposed amount as excessive.

Defendants therefore had the opportunity to litigate this issue before the Magistrate Judge but failed to do so.  Hence, the Court cannot deem this argument to be a proper objection at all.  *See Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774 (LAP)(KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).  In any event, reviewing *de novo* the recommendation that the Court award $50,000 in punitive damages, the Court agrees with Magistrate Judge Lehrburger's recommendation that $50,000 is the appropriate award under the facts of this case, for substantially the same reasons as set forth in his detailed and thorough R&R.

---

[2] Defendants also challenge this award on the grounds that Judge Crotty erred in holding that they were liable under Section 51 of the New York Civil Rights Law. Obj. at 13.  For the reasons stated *infra* at 9-11, Defendants may not relitigate that issue in the context of this R&R.

**D.    Pre-Judgment Interest**

Defendants object that the award of pre-judgment interest is "excessive and punitive in nature" because "there is nothing exceptional enough" in this case to merit the award. Obj. at 15. Specifically, Defendants argue that the award of prejudgment interest in addition to legal fees and "citing discovery issues" for these trebled damages "amount[s] to a double recovery for Plaintiffs for the same offense." *Id.* at 6-7. They contend that the prejudgment interest was awarded "on top of maximum statutory damages," which should only be reserved for "exceptional cases." *Id.* at 14. The Court reviews this objection *de novo* and finds that this challenge is also unavailing.

Although the Copyright Act and Lanham Act do not expressly provide for pre-judgment interest, the Court has discretion to decide whether to award pre-judgment interest in such cases. *Capitol Records, Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015). While some courts find that pre-judgment interest "should be reserved for 'exceptional' circumstances," others have decided that "pre-judgment interest is appropriate to help deter willful copyright infringement." *Id.* (citations omitted). Moreover, the Court's damages award may permissibly "incorporate not only a compensatory, but also a punitive component, to discourage further wrongdoing by the defendants and others" where the defendant has acted willfully. *Streamlight, Inc. v. Gindi*, No. 18-CV-987 (NG), 2019 WL 6733022, at *14 (E.D.N.Y. Oct. 1, 2019) (quoting *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 622 (S.D.N.Y. 2011)); *see also Nat'l*

*Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 478 n.17
(S.D.N.Y. 2001) ("[S]tatutory damages can take on a 'partially punitive character' to
serve a deterrent purpose."). Courts may decline to award pre-judgment interest
where Plaintiffs are already fully compensated by damages and litigation is
prolonged by both parties. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
327 F. Supp. 3d 606, 635 (S.D.N.Y. 2018); *Capitol Records, Inc.*, 2015 WL 13684546,
at *4.

    Here, the Court agrees with the Magistrate Judge's reasoning that the pre-
judgment interest is warranted with respect to the compensatory damages award,
even though already trebled, because this award still "reflects only one sale even
though it is highly likely based on the evidence that there were additional sales for
which Defendants failed to produce records." R&R at 29.  Additionally, the award of
prejudgment interest serves the goal of compensating Plaintiffs for the lost use of its
money. *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195
(1995); *see also Wickham Contracting Co. v. Local Union No. 3, IBEW*, 955 F.2d 831,
833-34 (2d Cir. 1992).

    The Court also agrees with the Magistrate Judge's recommendation of
awarding pre-judgment interest on the statutory damages award for copyright
infringement because this case presents "extraordinary circumstances" and a
substantial award is necessary to deter further misconduct.  Defendants' conduct
during this litigation, which included a civil contempt finding for their flagrant
violation of the Court's preliminary injunction, Opinion at 33-35, and the repeated

flouting of the Court's discovery orders without offering any explanation, *id.* at 30-32, was shocking.  Defendants' infringing acts in prior cases are notable, *see id.* at 36 (citing *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17-cv-5553, 2018 WL 11220835, at *5 (S.D.N.Y. Apr. 18, 2018)).  It is therefore evident that paying damages alone has not been enough to deter Defendants from future infringement.  The award of prejudgment interest here does not amount to "double recovery" for Plaintiffs but instead serves the purpose of deterring Defendants and others.  Accordingly, the Court finds that Defendants have demonstrated especially egregious misconduct that warrants the "exceptional" circumstance of awarding pre-judgment interest to deter Defendants.

## CONCLUSION

Having addressed Defendants' objections, the Court has otherwise reviewed the record and the Report and Recommendation for clear error.  Finding none, the Court hereby ORDERS that the Report and Recommendation is ADOPTED in its entirety.

It is unclear to the Court, however, whether entry of judgment is warranted at this time, as Plaintiffs did not move for summary judgment on all of their claims, and the Court granted in part the motion for summary judgment. The Court therefore ORDERS the parties to file a joint status letter by **May 28, 2025**, advising the Court whether there are any live claims that remain to be adjudicated, whether at trial or otherwise, or whether it is appropriate to enter judgment in this case.

     SO ORDERED.

Dated:  May 21, 2025
     New York, New York

                        JEANNETTE A. VARGAS
                        United States District Judge