UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HUDSON FURNITURE, INC., and
BARLAS BAYLAR,

                Plaintiffs,            Hon. Jeannette A. Vargas
                                                      United States District Judge

      v.                                                       Case No. 1:20-cv-04891-JAV-RWL

ALAN MIZRAHI d/b/a ALAN MIZRAHI LIGHTING,
and LIGHTING DESIGN WHOLESALERS INC.,

                Defendants.

# PERMANENT INJUNCTION

Upon consideration of the parties' submissions in support of and in opposition to Plaintiffs' Motion for Partial Summary Judgment and for Sanctions, the accompanying Memoranda of Law, and Declarations with attached exhibits (ECF Nos. 132-139, 150-157), as well as the parties' proposed findings of fact and conclusions of law, with accompanying declarations, and the entire record herein, and

WHEREAS, on June 25, 2020, Plaintiffs Hudson Furniture, Inc. and Barlas Baylar (hereafter "Plaintiffs" collectively or "Hudson" and "Baylar" individually) filed a Complaint against Defendant Alan Mizrahi ("Mizrahi"), a natural person last known to reside at R Inner Street 1A 6081 Albrands, Tyrol, Austria, and Defendant Lighting Design Wholesalers, Inc. ("LDWI"), a New York business corporation with a principal place of business at 140 Bowery, New York, New York, 10013 (hereinafter Mizrahi and LDWI are collectively referred

to as "Defendants"), said Complaint having asserted causes of action for patent infringement, trademark infringement, false designation of origin, unfair competition, violation of N.Y. Gen. Bus. L. § 133, violation of N.Y. Gen. Bus. L. § 360-l, copyright infringement, and unauthorized use of name and image for advertising and trade purposes under N.Y. Civil Rights Law §§ 50 and 51;

WHEREAS, said Complaint requested both monetary relief and permanent injunctive relief;

WHEREAS, the Court has issued an Opinion & Order granting in part Plaintiffs' motion for partial summary judgment and for sanctions, Dkt. 160;

WHEREAS, the Court has found that Plaintiffs own the registered marks HUDSON FURNITURE (Reg. No. 4,597,499 in International Class 11 of lighting fixtures), HUDSON FURNITURE (Reg. No. 4,046,353 in International Classes 20 and 35 covering furniture and retail store services featuring furniture respectively), and BARLAS BAYLAR (Reg. No. 4,403,798 in International Class 11 for lighting fixtures) (collectively, the "Hudson Registered Marks");

WHEREAS, the Court has found that Plaintiffs are entitled to protection of the unregistered marks MOTHER, PANGEA, LA CAGE, BRITANICA, VALIANT, PANTHEON, TUSK, and LOTUS (collectively, the "Hudson Unregistered Marks"); and

WHEREAS, the Court has found that Plaintiffs own valid copyright registrations for Hudson Furniture 1/31/2012, Reg. No. VA0001862678; Hudson Furniture 2/7/2014, Reg. No. VA0001908807; Hudson Furniture 9/4/2015, Reg. No. VA0001984811; and Hudson

Furniture Catalog 2019, Reg. No. VA0002203849 (collectively, the "Hudson Copyrights") (hereinafter, the Hudson Registered Marks, the Hudson Unregistered Marks and the Hudson Copyrights are collectively referred to as the "Hudson Properties");

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that,

1. Defendants, which such term for purposes of the obligations stated herein shall be deemed to include each of Defendants, their subsidiaries, affiliates, divisions, as well as their respective officers, directors, principals, servants, employees, and all others with notice hereof acting in direct and/or indirect concert or participation with them, be and hereby are PERMANENTLY ENJOINED and RESTRAINED from:

    a. The design, manufacture, import, export, purchase, distribution, advertisement, promotion, marketing, offer for sale, commercial exploitation or otherwise trafficking in goods or engaging in services which make any use of the Hudson Properties, or any marks, trade dress, or designs, that feature unauthorized reproductions, counterfeits, copies and/or colorable imitations of the Hudson Properties, either individually or in conjunction with any other words, marks, or symbols, or which contain designs and/or images that are substantially similar in overall appearance to the Hudson Properties;

    b. Imitating, copying, or making unauthorized use of the Hudson Properties;

    c. Copying, publicly displaying, posting on the Internet, or distributing any images which are the subject of the Hudson Copyrights and/or that are substantially similar in overall appearance to the Hudson Copyrights, and/or otherwise infringing on the Hudson Copyrights;

    d. Using false designations of origin or false or misleading statements or representations of fact that are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' goods and/or services, or commercial activities, including by using any of the Hudson Properties;

   e.  Committing any acts causing, or calculated to cause, purchasers or the trade to mistakenly believe that Defendants' products are those of Plaintiffs, or vice versa; and

   f.  Making any use of Baylar's name or image, or otherwise violating his statutory right to privacy.

2. Within 14 days of entry of this Permanent Injunction, Defendants shall remove from all internet postings, websites, email addresses, advertisements, online business listings, YouTube accounts, Twitter or X accounts or posts, Instagram accounts or posts, Pinterest accounts or posts, keywords, adwords metadata, user names, links, social media, and any other online material that Defendants own or possess or over which they exercise custody or control, any part thereof that displays, copies, or otherwise uses any of the Hudson Properties or Baylar's name or likeness or any other material that otherwise would be in violation of Paragraph 1 of this Permanent Injunction if not removed.

3. This Court retains jurisdiction of this action for the purpose of enforcing the provisions of this Permanent Injunction by way of contempt or otherwise.

4. Any obligation previously imposed on Plaintiffs to post security in connection with their application for preliminary injunctive relief (ECF No. 37) is hereby VACATED.

Entered this  21st  day of May, 2025.

_____
HON. JEANNETTE A. VARGAS
United States District Judge